## JALALATY v. FELDMAN

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8142. Decided Feb. 27, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**829. NEGLIGENCE — 793 Motor Vehicles— 396 Directed Verdict.**

Where, because of construction of truck, driver is unable to get clear vision of what is behind him, it is plainly his duty to give warning, by sounding horn or otherwise, of his intention to back. Failure to give such warning is evidence of negligence, and case should go to jury.

Error to Common Pleas.
Judgment reversed.

Payer, Minshall, Karch & Kerr, Cleveland, for Jalalaty.

Gentsch & Cornell, Cleveland, for Feldman.

FULL TEXT.

**Per Curiam**

Error preceedings are prosecuted from the judgment of the Common Pleas Court, wherein the trial judge directed a judgment in favor of the defendant at the conclusion of all the evidence.

The plaintiff was a child about three years of age and while playing in the rear of a brick building occupied by the Fairmount Creamery Company, he was struck down by a truck of the defendant, which ran into him while the truck was backing into a stall. It appears from the pleadings, and supported by the evidence, that the space in the rear of said building was paved and used by the defendant; that it extended from an alley on the westerly side thereof to the Eagle School grounds located at the southeasterly corner of said space; that the space was used by a good many children as a place to play and in going to and from the playground of said school.

The allegations of negligence as contained in the petition are that the defendant failed to keep a lookout or to make any observations of the presence and position of plaintiff before backing, although he knew, or should have known, in the exercise of ordinary care, that the plaintiff was there; that defendant neglected seasonably to warn and apprise plaintiff of his intention to back his truck, by sounding a horn or otherwise.

A perusal of the record will disclose that because of the construction of the truck, the driver was unable to get a clear vision of what was behind him, even if he made an effort to look. It is undisputed from the record that the driver failed to sound a horn or give any warning whatsoever of his intention to back the truck.

We, therefore, conclude that in view of his obstructed vision, it was plainly his duty to give such warning, and that a failure to give such warning under the circumstances is at least some evidence of negligence. The action of the trial court in withdrawing the case from the jury and directing a verdict for the defendant is, in our opinion, erroneous for the reason given.

The judgment of the Common Pleas Court will, therefore, be reversed and the case remanded.

Sullivan, PJ., Vickery and Levine, JJ., concur.